UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY CHAFFINS, | No. 2:15-cv-0157 AC P |
| Plaintiff, | |
| v. | ORDER and |
| THOMAS A. FERRARA, et al., | FINDINGS AND RECOMMENDATIONS[1] |
| Defendants. | |

On January 20, 2015, plaintiff filed a complaint and in forma pauperis application in this action while incarcerated at Solano County Jail (SCJ). ECF Nos. 1, 2. On January 30, 2015, the court directed plaintiff to submit a certified copy of his inmate trust account in support of his in forma pauperis application. ECF No. 3. On February 17, 2015, plaintiff filed a notice of change of address, indicating that he is no longer incarcerated and now resides at Cache Creek Lodge, and requested that the court send him a blank petition for writ of habeas corpus. ECF No. 5.

Review of plaintiff's complaint[2] demonstrates that he seeks to challenge the alleged

---

[1] This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 302(c), and Local General Order No. 262.

[2] The court is required to screen complaints brought by prisoners (in this case, a former prisoner) seeking relief against a governmental entity, officer or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

1

1    absence of rehabilitation programs offered to SCJ inmates housed in Facility 1, Floor 2, Class A.

2    ECF No. 1.  The complaint alleges that these inmates are provided only "the bare minimum of

3    program and zero access to any rehabilitative resources such as NA, AA, Prerelease Assistance

4    [or] Legal Assistance."  Id. at 3.  The complaint further alleges that the failure to provide such

5    programs constitutes a denial of "equel (sic) access" because the programs are offered to inmates

6    "on #3 and #4."  Id.  Plaintiff states that he is "just seeking equility (sic)" in the form of "[e]qual

7    treatment and access to rehabilitative programs."  Id.  The named defendants are SCJ Warden T.

8    Ferrara, Program Officer Collions, Sgt. Cordero, Lt. Marsh, and Sgt. Raymore.  Id. at 2.  The

9    complaint seeks only injunctive relief, not monetary damages.  Id. at 3.

10          If plaintiff were still incarcerated at SCJ, he might, in an amended complaint, be able to

11   state a cognizable claim, e.g., under Title II of the Americans with Disabilities Act, or under the

12   Equal Protection Clause of the Fourteenth Amendment.  However, as framed, without any

13   explanation or description of the policies or practices underlying the housing assignments at SLC,

14   the complaint fails to state a cognizable claim.

15          More significantly, because plaintiff is no longer incarcerated at SCJ, his claims for

16   injunctive relief are moot.  "The case or controversy limitation on federal judicial authority found

17   in Article III, § 2 underpins the doctrines of both standing and mootness.  The two inquiries,

18   however, differ in critical respects.  Standing is determined by the facts that exist at the time the

19   complaint is filed.  Mootness inquiries, however, require courts to look to changing circumstances

20   that arise after the complaint is filed[.]"  Clark v. City of Lakewood, 259 F.3d 996, 1006 (9th Cir.

21   2001) (citations omitted).  "Mootness is like standing, in that if it turns out that resolution of the

22   issue presented cannot really affect the plaintiff's rights, there is, generally speaking, no case or

23   controversy for the courts to adjudicate; no real relief can be awarded."  Smith v. Univ. of

24   Washington Law School, 233 F.3d 1188, 1193 (9th Cir. 2000).  Plaintiff's release from SCJ

25   means that any subsequent resolution of the issues asserted in his complaint will not impact

26   plaintiff's rights; the matters are moot as to plaintiff and therefore he no longer has standing to

27   pursue these matters.

28          The court finds that it would be futile to require plaintiff to perfect his in forma pauperis

application in an application for nonprisoners, or to authorize further amendment of the complaint. "[A] district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); see also Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."). In addition, plaintiff's request to pursue these claims pursuant to a writ of habeas corpus is without merit; an application for a writ of habeas corpus is intended to challenge the fact or duration of a presently incarcerated applicant.

For these reasons, IT IS HEREBY ORDERED that:

1. The Clerk of Court is directed to randomly assign a District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis, ECF No. 2, be denied; and

2. This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 11, 2015

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE